UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARVEY HILL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV530 JCH |
| ) | |
| THE SHERWIN-WILLIAMS COMPANY, ) | |
| ) | |
| Defendant(s). ) | |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Missouri Human Rights Act ("MHRA") Claims, filed April 20, 2011. (Doc. No. 5). Plaintiff has not responded to the motion.

By way of background Plaintiff, a former Assistant Sales Manager for Defendant Sherwin-Williams, was terminated from his employment on July 28, 2008. Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC") on November 10, 2008, claiming Defendant discriminated against him on the basis of age, and further retaliated against him for reporting discriminatory behavior. (Doc. No. 1, PP. 9-11). Plaintiff received his Notice of Right to Sue from the EEOC on December 22, 2010. (Id., PP. 12-13).

In his Complaint, filed March 21, 2011, Plaintiff reiterates his allegations of age discrimination and retaliation, in violation of both federal and Missouri state law. (Doc. No. 1). As stated above, Defendant filed the instant Motion to Dismiss on April 20, 2011, asserting Plaintiff's claims under the MHRA are time-barred and must be dismissed.

## DISCUSSION

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

Mo. Rev. Stat. § 213.111.1 provides in relevant part as follows:

> Any action brought in court under this section [relating to allegedly unlawful discriminatory practices] shall be filed within ninety days from the date of the commission's notification letter to the individual *but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party*.

Id. (emphasis added). The MHRA's statute of limitations is strictly construed. Swartzbaugh v. State Farm Ins. Companies, 924 F.Supp. 932, 934 (E.D. Mo. 1995) (citing Hill v. John Chezik Imports, 797 S.W.2d 528, 530 (Mo. App. 1990)). Plaintiff filed the instant Complaint on March 21, 2011.

- 2 -

Thus, to be actionable the alleged acts must have occurred on or after March 21, 2009. <u>Swartzbaugh</u>, 924 F.Supp. at 935. As Plaintiff's employment admittedly was terminated prior to March 21, 2009, Defendant's Motion to Dismiss Plaintiff's MHRA claims must be granted.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's MHRA Claims (Doc. No. 5) is **GRANTED**, and Plaintiff's claims under the MHRA are **DISMISSED** with prejudice.

Dated this <u>19th</u> day of May, 2011.

<u>/s/ Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE